**TRANS-UNITED INDUSTRIES, INC.,**
**Plaintiff,**

v.

**RENARD LINOLEUM AND RUG COMPANY, Defendant.**

**Civ. A. No. 31797.**

United States District Court
E. D. Pennsylvania.

Dec. 27, 1962.

Wolf, Block, Schorr & Solis-Cohen, Franklin, Poul, Philadelphia, Pa., for plaintiff.

Harold E. Kohn, Philadelphia, Pa., Morton D. Baron, St. Louis, Mo., Baron & Reed, St. Louis, Mo., Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., of counsel, for defendant.

KRAFT, District Judge.

Before us, inter alia, is defendant's motion for transfer of this action to the United States District Court for the Eastern Division of the Eastern District of Missouri, under 28 U.S.C. § 1404(a):

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

After careful review and consideration of the supporting and opposing affidavits and the arguments of counsel, we are persuaded that a balancing of conveniences and a due regard for the interest of justice require the grant of defendant's motion.

Plaintiff is a Pennsylvania corporation, and has its principal place of business in Philadelphia. Defendant is a Missouri corporation, with its principal place of business in St. Louis. The action is to recover $174,375.76 alleged to be due for goods sold and delivered by plaintiff to

defendant within two years preceding the filing of the complaint. It appears that during that two-year period, defendant purchased from plaintiff goods the purchase price of which ran to "several million dollars". The trial of this case will require defendant's production of numerous documents which are located in defendant's principal offices in St. Louis, or in its branch offices which radiate out of St. Louis. More importantly, defendant will be required to produce key executives and personnel from its main and branch offices. Trial in Philadelphia would necessarily result in prolonged absences of these witnesses from their regular duties, with consequent disruption to defendant's business. On the other hand, trial in St. Louis would not inflict the same degree of hardship on plaintiff. See, United States v. General Motors Corporation, 183 F.Supp. 858 (S. D.N.Y.1960) ; Belman v. Bethlehem Steel Company, 186 F.Supp. 246 (E.D.Pa. 1960).