Frederick **FITZGERALD**

v.

**CENTRAL GULF STEAMSHIP CORP.**

**Civ. A. Nos. 38590, 68–1570.**

United States District Court
E. D. Pennsylvania.

Nov. 7, 1968.

Avram Adler, Philadelphia, Pa., for plaintiff.

Joseph M. Gindhart, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

The plaintiff, Frederick Fitzgerald, filed a complaint in this District on June 22, 1968, against the defendant Central Gulf Steamship Corporation, hereafter referred to as Cental Gulf. The plaintiff alleged that he sustained injuries as a result of an altercation between himself and another member of the crew of the SS GREEN ISLAND, a vessel owned by the defendant, while that vessel was traveling in the Indian Ocean between South Africa and Ethiopia. Central Gulf has made a motion to transfer this action to the United States District Court for the Southern District of Texas. For all the reasons discussed below the motion to transfer will be granted and the action will be transferred to the District Court for the Southern District of Texas.

Central Gulf's motion to transfer has been made pursuant to Title 28 U.S.C.A. § 1404(a):

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In order to prevail on his motion a moving party,

"* * * must make a clear-cut showing that when all the interests are considered, trial would more conveniently proceed and the interests of justice would be better served in the other district.", Peyser v. General Motors Corporation, 158 F.Supp. 526, 529 (S. D.N.Y., 1958).

In this Circuit the courts have attached great weight to a plaintiff's choice of

forum and have held that a defendant making a motion to transfer must satisfy a " * * * heavy burden of showing a strong balance of inconvenience". Clendenin v. United Fruit Co., 214 F. Supp. 137, 139 (E.D.Pa., 1963). See also, Herbert Clifton v. American Oil Company, Civil Action No. 37410, E.D. Pa., Opinion filed January 10, 1966, and Floyd McWilliams v. American Export Lines, Inc., Civil Action No. 35630, E.D.Pa., Opinion filed October 27, 1965. Ultimately however, " * * * each case is unique and must be decided on its own circumstances. * * *" McFarlin v. Alcoa Steamship Co., Inc., 210 F.Supp. 793, 794 (E.D.Pa., 1962). The relevant circumstances of this action compel a conclusion that the Southern District of Texas is a much more appropriate forum for the conduct of this litigation than is the Eastern District of Pennsylvania.

Central Gulf relies on the following facts in support of its motion:

(1) the plaintiff presently resides in Houston;

(2) of the three factual witnesses most likely to be called at trial, two reside in Houston and one resides in New Orleans;

(3) the plaintiff's medical treatment took place in Houston;

(4) the defendant's principal office is in New Orleans;

(5) the vessel on which the accident occurred more frequently docks at Houston than at Philadelphia; and

(6) the median trial time in the Southern District of Texas is one year shorter than it is in this court.

Plaintiff concedes that the principal connection between this action and the Eastern District of Pennsylvania is that plaintiff's counsel maintains his principal office here. Plaintiff urges, however, that none of the defendant's arguments justify transferring the case to Texas. He points out that the records of plaintiff's medical treatment could be offered here either by agreement or by deposition, that the residence of the fact-witnesses is irrelevant because they are seamen whose testimony probably will be offered at trial by way of deposition no matter where the case is tried, and that the principal office of the defendant has no more relevance to the convenience of the place of trial than does the residence of the plaintiff. Plaintiff thus examines each of the reasons cited by the defendant in support of its motion for transfer and concludes that each is, in and of itself, insufficient to overcome the weight traditionally accorded to the plaintiff's choice of forum.

The plaintiff's position in essence is that since it is *possible* to try the case in this district and since it is more convenient for plaintiff's counsel to try the case here, the plaintiff's choice of this district as the forum for this litigation must be recognized as controlling.

■■ Although plaintiff's choice of forum is to be given great weight, it clearly is not always to be considered controlling, for, to do so would practically eliminate Section 1404(a) from the Judicial Code. Moreover, where none of the operative facts of the action occur in the forum selected by the plaintiff, his choice of that forum certainly is entitled to less weight than is ordinarily the case. See, e. g. Morgan v. Illinois Cent. R. Co., 161 F.Supp. 119, 120 (D.C.Tex., 1958). Finally, the convenience of counsel is a factor which has been given little consideration in resolving Section 1404(a) motions. See, Holtzoff, Volume 1, Federal Practice, § 86.4, p. 423.

■ Generally the courts have recognized that their duty under Section 1404(a) is to consider all of the relevant factors in a case to determine whether on balance " * * * the trial would more conveniently proceed and the interest of justice would be better served * * *", in the transferee court. *Peyser*, supra, 158 F.Supp. at p. 529. See also, Faucette v. Lykes Bros. S. S. Co., 110 F.Supp. 287, 288 (S.D.N.Y., 1953).

Among the factors to be considered are the following:

" * * * the relative ease of access to sources of proof; the availability of compulsory process to secure the attendance of unwilling witnesses, the possibility of a view of the scene of the accident, the enforceability of a judgment obtained, the state of the court calendar in both districts, the burden of jury duty on a community having no relation to the litigation and all other practical problems that make the trial of a case easy, expeditious and inexpensive. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1065 (1947)". Glenn v. Trans World Airlines, Inc., 210 F.Supp. 31, 33 (1962), E.D.N.Y.

See also, Oil and Gas Ventures—First 1958 Fund Ltd. v. Kung, 250 F.Supp. 744, 754 (S.D.N.Y., 1966). Every consideration bearing upon the convenience of the plaintiff, as distinguished from his counsel, and upon the convenience of the defendant and the prospective witnesses, points clearly to the District Court for the Southern District of Texas as the closest and most convenient forum for the litigation of this case.[1]

These considerations of convenience in themselves would be sufficient to justify the transfer of the case to the Southern District of Texas. A final compelling consideration is that if the case is transferred the likelihood is that it will have been tried and finally disposed of in the transferee court approximately fourteen months before it could even have been reached for trial in this Court.[2] While plaintiff may inconvenience himself by choosing a forum remote from his residence. See, *Clendenin*, supra, 214 F.Supp. at pp. 138–139, he should not be able simultaneously to postpone unnecessarily the resolution of a controversy in which the defendant has an equally substantial interest. See, e. g. Hostetler v. Baltimore & O. R. Co., 164 F.Supp. 72, 74–75 (W. D.Pa., 1958).

For all the reasons discussed above it is hereby ordered that the above-captioned case is transferred to the United States District Court for the Southern District of Texas. The Clerk of the District Court for the Eastern District of Pennsylvania is ordered to transmit the complete file in this case to that District Court.

---

1. A motion to transfer may be denied when the movant has failed to specify which witnesses he intends to call at trial and/or what testimony they will present. See, e. g. *Clendenin*, supra, 214 F.Supp. at pp. 140–141, and Rodriguez v. American Export Lines, Inc., 253 F.Supp. 36 (E.D. Pa., 1966). At the time the defendant made his motion he did not specify who the fact-witnesses were to whom he had referred, but, since that time, he has filed an affidavit in support of his motion. In this affidavit he names the witnesses, describes generally the testimony they are expected to give at trial, and notes that they will be more accessible to trial if the trial is held in Houston than if it is conducted in Philadelphia. The three fact-witnesses named by the defendant are Wilfred A. Clark, the crewmember who was involved in the altercation with the plaintiff, Jimmy Reyna, and David Dorantes, both of whom were witnesses to the altercation. Both Reyna and Dorantes reside in Houston and could be subpoenaed for trial. The plaintiff did not file an opposing affidavit.

2. Median trial time in the transferee court is two years from the filing of the complaint. See, Affidavit of Joseph D. Sheavens, Esquire, attached to the defendant's motion. Median trial time in the Eastern District of Pennsylvania is thirty-eight months from the filing of the complaint.