**MATERIALS TECHNOLOGY, INC.**

v.

**CIRCUIT FOIL CORPORATION.**

Civ. A. No. 69–1770.

United States District Court
E. D. Pennsylvania.
Jan. 12, 1970.

---

8. 38 F.R.D. 57 (N.D.Ohio 1964).

9. 24 F.R.D. 406 (S.D.Tex.1959).

Franklin Poul, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for plaintiff.

Arthur H. Kahn, M. Richard Kalter, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

HANNUM, District Judge.

This is a motion by the named defendant to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b) (3) on the ground that venue in the Eastern District of Pennsylvania is improper or, in the alternative, to transfer this action pursuant to 28 U.S.C. § 1404(a). Defendant's motion to dismiss is denied. Both the amount and percentage of the sales alleged by defendant itself to have occurred within the Eastern District are well above the figures which have been held sufficient to establish antitrust venue in this district. City of Philadelphia v. Morton Salt Company, 289 F. Supp. 723 (E.D. Pa.1968); School District of Philadelphia v. Harper & Row Publishers, Inc., 267 F.Supp. 1006 (E.D. Pa.1967); School District of Philadelphia v. Kurtz Bros., 240 F.Supp. 361 (E.D. Pa.1965).

In support of its motion to transfer, defendant relies on the following facts: [1] (a) plaintiff resides in the District of New Jersey rather than in the Eastern District of Pennsylvania; (b) all of the corporate records and all officers and employees of the defendant who would be involved in this litigation are located in the State of New Jersey; (c) defendant is incorporated and has its principal place of business in New Jersey; (d) none of the operative facts of which plaintiff complains occurred in this fo-

1. See the Affidavits of Charles B. Yates and Philip J. Albert.

rum; and (e) the median trial time in the United States District Court for the District of New Jersey is approximately two years shorter than it is in this Court.

■■■ In passing upon motions pursuant to 28 U.S.C. § 1404(a), the District Court is vested with broad discretion to transfer the action to a proper and more convenient forum. In exercising this discretion the initial principal to be given effect is that the plaintiff's choice of forum is entitled to great weight, and defendant has a heavy burden of showing a strong balance of inconvenience. Clendenin v. United Fruit Company, 214 F.Supp. 137, 139 (E.D. Pa.1963).

■ However, all relevant factors must be considered in determining whether the interests of justice would better be served by transfer to another district. In Fitzgerald v. Central Gulf Steamship Corp., 292 F.Supp. 847 at page 849 (E.D. Pa.1968), the court stated:

> "Although plaintiff's choice of forum is to be given great weight, it clearly is not always to be considered controlling, for, to do so would practically eliminate Section 1404(a) from the Judicial Code. Moreover, where none of the operative facts of the action occur in the forum selected by the plaintiff, his choice of that forum certainly is entitled to less weight than is ordinarily the case. See, e.g. Morgan v. Illinois Cent. R. Co., 161 F.Supp. 119, 120 (D.C.Tex., 1958)."

■ With this in mind, this Court concludes that the relevant factors, taken as a whole, indicate that sufficient inconvenience exists to offset the deference traditionally granted to plaintiff's

choice of forum, thus dictating that this action be transferred to the United States District Court for the District of New Jersey. As noted, not only are the defendant's relevant witnesses and business records located in new Jersey but also plaintiff is incorporated and has its principal office in that state.

■ Furthermore, all of the operative factors of which plaintiff complains occurred in New Jersey. The only substantial factor which plaintiff has alleged in opposition to this motion is that his choice of forum should be controlling. In fact, it appears that the only substantial connection between this action and the Eastern District of Pennsylvania is that plaintiff's counsel maintains his office here. The convenience of counsel, as opposed to the parties themselves or their witnesses, is not a factor in deciding a motion for a change of venue. Roller Bearing Company of America v. Bearings, Inc., 260 F.Supp. 639, 640 (E.D. Pa.1966).

■ Furthermore, while plaintiff may inconvenience itself by choosing a forum remote from its residence it should not be able simultaneously to postpone unnecessarily the resolution of a controversy in which the defendant has an equally substantial interest. Fitzgerald v. Central Gulf Steamship Corp., supra. As noted, the median trial time in the transferee court is approximately 2 years less than it is in this district. Of course, this circumstance is never a factor to which great weight is assigned, Peyser v. General Motors Corp., et al., 158 F.Supp. 526, 530 (S.D. N.Y., 1958). However, all these factors taken as a whole, do indicate that this motion for transfer should be granted.