Herbert M. WHITE

v.

LYKES BROS. STEAMSHIP CO., Inc.

Civ. A. Nos. 70-2799, 70-2800.

United States District Court,
E. D. Pennsylvania.

Jan. 28, 1971.

Sidney J. Smolinsky, Pechner, Sacks, Cantor & Dorfman, Philadelphia, Pa., for plaintiff.

John T. Biezup, Rawle & Henderson, Philadelphia, Pa., for defendant.

## OPINION

HAROLD K. WOOD, Senior Judge.

Defendant has moved for a change of venue to either the United States District Court at Mobile, Alabama or the United States District Court at New Orleans, Louisiana. Plaintiff, a seaman, brought the present action to recover for injuries sustained aboard the S. S. STELLA LYKES while the ship was in Manila.

Defendant's motion is made pursuant to 28 U.S.C. § 1404(a) which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil

action to any other district or division where it might have been brought."

In order to prevail on his motion, "the moving party must make a clear-cut showing that when all the interests are considered, trial would more conveniently proceed and the interests of justice would be better served in the other district." Peyser v. General Motors Corporation, 158 F.Supp. 526, 529 (S.D.N.Y. 1958); Fitzgerald v. Central Gulf Steamship Corp., 292 F.Supp. 847, 848 (E.D.Pa.1968). For reasons hereinafter stated, we conclude that convenience to the parties and witnesses and the interest of justice require that this case be transferred to the United States District Court at Mobile, Alabama.

■ In support of its motion to transfer, defendant cites the following facts:

1. Plaintiff is a resident of Mobile, Alabama;

2. Defendant's home office and records are located in New Orleans, Louisiana;

3. The home port of the S. S. STELLA LYKES is New Orleans, Louisiana;

4. Plaintiff signed aboard the S. S. STELLA LYKES in New Orleans, Louisiana and was repatriated there following his accident;

5. Plaintiff was treated at the United States Public Health Service at Mobile, Alabama;

6. Plaintiff was admitted to Doctors' Hospital in Mobile, Alabama.

7. Three defense witnesses, crewmen aboard the S. S. STELLA LYKES, reside near New Orleans, Louisiana;

8. Three neurological specialists who examined plaintiff and whose testimony will be necessary at trial reside in Mobile, Alabama; and

9. The S. S. STELLA LYKES does not come into Philadelphia and has not for the past five years; there is no relationship between the City of Philadelphia and this case except that plaintiff's counsel resides here.

■■ It is fundamental law that a plaintiff's choice of forum is entitled to considerable weight. Clendenin v. United Fruit Co., 214 F.Supp. 137 (E.D.Pa. 1963). However, this choice is not controlling where the balance of all relevant factors is so strongly in favor of transfer as to outweigh plaintiff's choice of forum. Gomino v. Mississippi Shipping Company, 217 F.Supp. 895 (S.D.N.Y. 1963). Moreover, plaintiff's choice of forum is entitled to less weight than it ordinarily would be where, as here, none of the operative facts occurred in the forum selected by plaintiff. *Fitzgerald, supra.*, 292 F.Supp. at page 849.

In this case the relevant factors clearly outweigh plaintiff's choice of forum. Plaintiff resides within the transferee district and defendant's home office is in much greater proximity to the transferee district than it is to the Eastern District of Pennsylvania. All records pertaining to medical treatment rendered to plaintiff are located in the transferee district. While these records could be made available in Philadelphia, it is always advantageous to try a case of this kind where the records are located. Long v. Waterman Steamship Corporation, Civil Action No. 35564, September 11, 1964, Kirkpatrick, J. All witnesses reside either in the transferee district or in much greater proximity to the transferee district than to the Eastern District of Pennsylvania.

■ A final compelling consideration is that the backlog of the transferee district is considerably less than that of this Court and will allow for a more rapid disposition of this case than we would be able to give it.