**TRIANGLE INDUSTRIES, INC., et al.,**
**Plaintiff,**

**v.**

**KENNECOTT COPPER CORPORATION**
**et al., Defendants.**

**READING INDUSTRIES, INC., et al.,**
**Plaintiffs,**

**v.**

**KENNECOTT COPPER CORPORATION**
**et al., Defendants.**

**Civ. A. Nos. 70–1540, 70–3015.**

United States District Court,
E. D. Pennsylvania.

March 17, 1971.

Aaron M. Fine, Philadelphia, Pa., for plaintiff.

Drinker, Biddle & Reath, Philadelphia, Pa., for defendants Kennecott Copper Corp. and Chase Brass & Copper Co., Inc.

Duane, Morris & Heckscher, Philadelphia, Pa., for defendants Phelps Dodge Corp., Phelps Dodge Industries, Phelps Dodge Copper Products Corp. and Phelps Dodge Magnet Wire Corp.

Joseph W. Swain, Jr., Philadelphia, Pa., for defendants Anaconda American Brass Co., Anaconda Co. and Anaconda Wire and Cable Co.

John G. Harkins, Jr., Philadelphia, Pa., for defendant American Smelting and Refining Co.

Saul, Ewing, Remick & Saul, Philadelphia, Pa., for defendant Cerro Corporation.

## OPINION AND ORDER

JOHN MORGAN DAVIS, District Judge.

Presently before the Court are the motions of all defendants in above captioned cases to transfer this action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a).

Both cases are antitrust actions alleging violations of the Sherman, Clayton and Robinson-Patman Acts. Count 1 charges that the defendant copper producers have conspired to increase the price of copper sold to independent fabricators like the plaintiffs. It also charges that during the same period the defendant fabricators have conspired to hold down the price of fabricated copper products. The alleged purpose and effect of these actions have been to squeeze the profit margins of independent fabricators such as the plaintiffs. Count II asserts that the defendants' acquisition of their fabricating facilities, through which the price squeeze was effectuated, was in violation of Section 7 of the Clayton Act. Count III alleges that defendants have violated the Robinson-Patman Act by discriminating in price between purchasers of their copper fabricated products, injuring competition between defendants and plaintiffs. Plaintiffs seek treble damages and injunctive relief including divestiture by defendants of their copper fabricating facilities.

1. Fort Lee, N. J. is directly across the river from New York City several hundred yards from the George Washington Bridge.

Title 28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Thus, the first criterion set forth in the statute is "the convenience of parties and witnesses." An analysis of the parties in the case, their headquarters and their principal places of business reveals the following:

| PLAINTIFFS | HEADQUARTERS AND PRINCIPAL PLACES OF BUSINESS. |
| --- | --- |
| Triangle Industries, Inc. | Newark, N. J. |
| Triangle Conduit & Cable Co., Inc. | New Brunswick, N. J. |
| The Plastic Wire & Cable Corporation | Jewett City, Conn. |
| Reading Industries, Inc. | Fort Lee, N. J.[1] |
| Reading-Tin Manufacturing Co., Inc. | Fort Lee, N. J.[1] |
| Reading Metals Refining Corporation | Fort Lee, N. J.[1] |

| DEFENDANTS | HEADQUARTERS AND PRINCIPAL PLACES OF BUSINESS. |
| --- | --- |
| Kennecott Copper Corporation | New York, N. Y. |
| Chase Brass & Copper Co., Inc. | Shaker Heights, Ohio. |
| Phelps Dodge Corporation | New York, N. Y. |
| Phelps Dodge Copper Producing Corp. | New York, N. Y. |
| Phelps Dodge Copper & Wire Co. | Yonkers, N. Y. |
| Phelps Dodge Tube Company | South Brunswick, N. J.[2] |
| Phelps Dodge Magnet Wire Corp. | Fort Wayne, Ind. |
| American Smelting & Refining Co. | New York, N. Y. |
| The Anaconda Company | New York, N. Y. |
| Anaconda Wire & Cable Co. | New York, N. Y. |
| Anaconda American Brass Co. | Waterbury, Conn. |
| Cerro Corporation | New York, N. Y. |

From this listing, it is obvious that "convenience of parties" weighs heavily in favor of the Southern District of New York. Antitrust litigation involves voluminous records and documentation. This is particularly true in this case, which involves the conduct of an entire industry over a period of many years.

2. South Brunswick, N. J. is approximately 35 miles from New York City.

The parties will find it necessary at trial to produce extensive documentation, both from their own files and by subpoenaing the files of others. Most of the records and documents, as well as the documents of many of the other companies engaged in various phases of the copper production and fabricating business, are located in, or very near, the Southern District of New York. None of these sources of proof are located in the Eastern District of Pennsylvania.

Moreover, it appears from the affidavits submitted in this case that the vast majority of probable party witnesses, the defendant corporate officers and employees, live in New York. For these witnesses New York is clearly more convenient than Philadelphia. As another federal court stated in transferring a government antitrust action:

> If the trial is held in Cleveland, [defendants'] executives can perform their regular duties except when actually testifying or preparing testimony. They need not neglect their regular duties for an entire day, or lose time waiting to testify, awaiting recall to the stand, or awaiting the settlement of procedural matters among the attorneys and the court. Even on days on which such a witness testifies, he can devote noncourt and evening hours to his regular work and to conferring with associates, subordinates, customers and suppliers. He can accomplish this in his familiar working place, with tools, files and help at hand. United States v. General Motors Corp., 183 F.Supp. 858, 861 (S.D.N.Y.1960).

As was stated at oral argument by counsel for defendants, the most striking characteristic of this case is that it challenges practices affecting an entire basic American industry. Since New York City is the headquarters of that industry in the United States, it is also more convenient for non-party witnesses whose testimony about various aspects of the copper industry will be required. Immediately at hand in New York are witnesses employed by other copper producers, by the copper sales companies, and by the trade associations, statistical bureaus and publications dealing with the copper industry.

■ We are mindful that great weight is to be given plaintiff's choice of forum and defendant has a heavy burden of showing a strong balance of inconvenience. Clendenin v. United Fruit Company, 214 F.Supp. 137, 139 (E.D. Pa.1963). However, as was stated in Polaroid Corp. v. Casselman, 213 F.Supp. 379, 383 (S.D.N.Y.1962) " * * * choice of forum is, at best, a bootstrap argument under Section 1404(a) for if accorded decisive significance no action would ever be transferred." Likewise, in Fitzgerald v. Central Gulf Steamship Corp., 292 F.Supp. 847, 849 (E.D.Pa. 1968) the court stated: "Although plaintiff's choice of forum is to be given great weight, it clearly is not always to be considered controlling, for, to do so would practically eliminate Section 1404(a) from the Judicial Code."

■ With this in mind, this Court cannot find any real connection between this forum and the litigation. In fact, it appears that the only substantial connection between these actions and the Eastern District of Pennsylvania is that plaintiffs' counsel maintains his office here. The convenience of counsel, as opposed to the parties themselves or their witnesses, is not a factor in deciding a motion for a change of venue. Roller Bearing Company of America v. Bearings, Inc., 260 F.Supp. 639, 640 (E.D.Pa. 1966).

■ Accordingly, this Court concludes that the relevant factors, taken as a whole, indicate that sufficient inconvenience exists to offset the deference traditionally granted to plaintiff's choice of forum, thus dictating that this action be transferred to the United States District Court for the Southern District of New York. By so holding, the fact that there is improper venue and lack of jurisdiction in this District as to Phelps Dodge Industries, Inc. has been resolved since

proper venue and jurisdiction in New York has been conceded by the defendant; accordingly, its Motion to Dismiss will be denied.

