David **WEINBERGER**, on his own behalf and on behalf of all others similarly situated

v.

**RETAIL CREDIT COMPANY** and **International Business Machines Corporation.**

**Civ. A. No. 71-2953.**

United States District Court, E. D. Pennsylvania.

June 13, 1972.

David Berger, H. Laddie Montague, Jr., and Joel C. Meredith, Philadelphia, Pa., for plaintiff.

Walter R. Milbourne, Philadelphia, Pa., for Retail Credit Co.

A. H. Wilcox, Philadelphia, Pa., for IBM.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This matter is before the Court on the motions of defendant, Retail Credit Company, for summary judgment, for a protective order, and to transfer the above-captioned case to the United States District Court for the District of South Carolina, and on the motion of plaintiff for leave to amend his complaint.[1] This action arises out of an allegedly false, defamatory and misleading credit report issued by defendant, Retail Credit Company (hereinafter referred to as RCC) to defendant International Business Machines, Inc. (hereinafter referred to as IBM) pursuant to IBM's investigation of plaintiff's application for employment. Said credit report is alleged to have been the cause of IBM's refusal to extend employment to plaintiff. As a result of this alleged misconduct, plaintiff has instituted this two-count complaint. Count I of the complaint charges that RCC and IBM unlawfully conspired inter alia to invade plaintiff's privacy and interfere with his potential business and employment relationships. Count II purports to institute a class action for approximately 30,000,-000 people who have been investigated by RCC and charges RCC "with violating Section 2 of the Sherman Act, 15 U.S.C. § 2, by monopolizing and attempting to monopolize the national investigative reporting market."

■ For the reasons hereinafter stated, we feel compelled to transfer this case to the District Court of South Carolina. The motion to transfer is governed by 28 U.S.C. § 1404(a), which provides in pertinent part:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

It is not seriously disputed that this action could have been brought in the District of South Carolina. Count I of the instant complaint is a diversity action sounding in tort, and Count II is an antitrust action. Venue for the diversity action is controlled by 28 U.S.C. § 1391, which provides in pertinent part:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose . . .

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as a residence of such corporation for venue purposes.

The affidavits filed in this case indicate that both IBM and RCC are doing business in the District of South Carolina and, more importantly, the factors giving rise to the cause of action set forth in Count I of the complaint arose in the District of South Carolina.[2] Accordingly, it is abundantly clear that Count I of this action could have been brought in the District of South Carolina.

Venue as to the antitrust count of this action (Count II) is governed by 15 U.S.C. § 22, which states in pertinent part:

Any suit . . . under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; . . .

The affidavits filed in this case establish that the sole defendant in the second count, RCC, is found and transacts business in the District of South Carolina.

In determining whether this case more properly belongs in the District of South Carolina, we note at the outset that as to

---

1. Defendant International Business Machines, Inc. had also moved to dismiss the complaint and was subsequently removed

from the case by a stipulation of the parties on May 25, 1972.

2. These affidavits are uncontroverted.

Count I of the complaint, no connection exists between any of the parties or the transaction itself and the Eastern District of Pennsylvania. The affidavits submitted by the defendant RCC indicate clearly that the report which is the basis for Count I of the complaint was authored in Charleston, South Carolina, and was allegedly delivered and used wrongfully in Columbia, South Carolina by IBM. From these facts we are forced to conclude that all of the witnesses who might be compelled to testify and who would have to be subpoenaed, except plaintiff, reside in the District of South Carolina, and that plaintiff resides in Miami, Florida. Consequently, it is clear that the convenience of the witnesses would best be served if the case were transferred to South Carolina. Moreover, it is also clear that these same witnesses are beyond the subpoena power of this court, and it is certainly preferable that discovery be conducted under the trusteeship of the court hearing the action. See Carbeck v. Baltimore & Ohio R. R. Co., 160 F.Supp. 626 (E.D.Pa. 1958).

In deciding whether to transfer the instant case, we are not unmindful that the decision of the plaintiff in choosing his forum should be given substantial weight. City of Philadelphia v. Emhart Corp., 317 F.Supp. 1320 (E.D.Pa. 1970); Clendenin v. United Fruit Co., 214 F.Supp. 137 (E.D.Pa.1963). As was stated in *Clendenin, supra:*

> Certain principles are now entitled to hornbook characterization: The plaintiff's choice of forum is entitled to great weight and defendant has a heavy burden of showing a strong balance of inconvenience. *Id.* at 139.

However, in this case it is unclear how the plaintiff is benefitted by having his suit in this district, since he resides in Miami, Florida, while it is clear that defendants would be greatly inconvenienced if Count I were not transferred.[3] Plain-

tiff is no doubt aware of the persuasiveness of this argument, since he has offered to drop Count I of his complaint without prejudice in order to "expedite trial of the major antitrust issues raised by plaintiff's complaint." Consequently, we conclude that Count I of the instant Complaint should be transferred to the District Court for the District of South Carolina.

As to Count II of the complaint, it would appear that Section 1404(a)'s requirement of "convenience of parties" would clearly be satisfied by the transfer of this case to the District Court for the District of South Carolina. From the affidavits submitted by the defendant and plaintiff's complaint, it is clear that most if not all personnel and documents of defendant having a direct relationship to the alleged injury to plaintiff or the alleged nation-wide conspiracy would be located at RCC's national headquarters in Atlanta, Georgia, or at their local headquarters in Charleston, South Carolina. Clearly, in terms of transporting witnesses and documents for the purposes of discovery and trial, the South Carolina forum must be more convenient for defendant than this forum. This conclusion is reinforced by the fact that prior to proceeding with this case plaintiff must prove that he was injured in his business or property by reason of something forbidden in the antitrust laws (Clayton Act, § 4, 15 U.S.C. § 15), and all evidence in connection with his injury is situated in South Carolina.

Moreover, it is clear that trial in South Carolina would be substantially less disruptive to RCC's business operations than would trial in Philadelphia. RCC's officers will have a substantially shorter distance to travel for trial and would be better able to remain at their Atlanta office for longer periods during trial. Moreover, defendant's local office in Charleston would not be adversely affected as it would be if trial was held in

---

3. The only parties who would be inconvenienced are plaintiff's attorneys, and their inconvenience cannot be considered by this court. Triangle Industries, Inc.

v. Kennecott Copper Corp., 325 F.Supp. 150 (E.D.Pa.1971); Materials Technology, Inc. v. Circuit Foil Corp., 49 F.R.D. 79 (E.D.Pa.1970).

Philadelphia. See, Trans United Industries, Inc. v. Renard Linoleum and Rug Co., 212 F.Supp. 373 (E.D.Pa.1962); United Consolidated Industries, Inc. et al. v. General Motors Corp., 343 F.Supp. 476 (E.D.Pa., May 11, 1972).

It is also clear that the convenience of the witnesses would be best served by transferring this case to South Carolina. All non-party witnesses who might be called on the issue of plaintiff's standing are located in South Carolina.[4] Accordingly, the interests of justice will be best served by a South Carolina forum which would have a subpoena power over those witnesses. Pacific Car and Foundry Co. v. Pence, 403 F.2d 949 (9th Cir. 1968); United Consolidated Industries, Inc., et al. v. General Motors Corp., *supra.*

 As previously noted in deciding a § 1404(a) motion to transfer, the plaintiff's choice of forum is normally entitled to great weight, *Clendenin, supra,* and that the moving party must sustain its burden of showing that the statutory considerations are satisfied by a preponderance of facts. Biedrzycki v. Alcoa Steamship Co., 191 F.Supp. 895 (E.D.Pa. 1961). We find that the defendant has sustained its burden. Plaintiff's only connection with this District is the presence here of its counsel, and the convenience of counsel has never been a relevant consideration on a motion to transfer. Triangle Industries, Inc. v. Kennecott Copper Corp., 325 F.Supp. 150 (E.D.Pa.1971). As was stated in Pacific Car & Foundry Co. v. Pence, *supra:*

> We are left, then, with a choice of forum supported only by the fact that it was chosen. Such a choice cannot prevail under § 1404(a) against the showing of inconvenience here made by the petitioner. 403 F.2d at 955. See also, Newfield v. Nicholson File Co., 210 F.Supp. 796 (E.D.Pa.1962); Cox v. Food Fair Stores, Inc., 163 F.Supp. 682 (E.D.Pa.1958).

4. The testimony of employees of IBM located in South Carolina would be crucial on this issue; and as previously noted,

For the foregoing reasons, RCC's motion to transfer this case to the United States District Court for the District of South Carolina is granted. In view of our decision to transfer, we conclude that in the interest of justice all other outstanding motions should be dismissed without prejudice to their being renewed before the transferee court. See, Cinema Amusements v. Loew's Inc., 85 F.Supp. 319 (D.Del.1949).

IBM is no longer a party to this action. See Note 1, *supra.*