William H. MITCHELL

v.

FARRELL LINES, INC.

v.

UNIVERSAL TERMINAL AND STEVEDORING CORPORATION

and

Long Island College Hospital.

Civ. A. No. 70–2737.

United States District Court,
E. D. Pennsylvania.

Nov. 16, 1972.

**1326**

Freedman, Borowsky and Lorry, Philadelphia, Pa., for plaintiff.

A. Grant Sprecher, Philadelphia, Pa., for Long Island College Hospital.

Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for Farrell Lines, Inc.

Francis E. Marshall, Philadelphia, Pa., for Universal Terminal & Stev. Corp.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff, a seaman, was injured on board the SS AFRICAN RAINBOW and filed this action against the shipowner, seeking damages under the Jones Act, 46 U.S.C. § 688 et seq., and maintenance and cure. Specifically, plaintiff's Jones Act claim is based on the unseaworthiness of the vessel and defendant's negligence, including the failure to provide prompt and adequate medical treatment. Following plaintiff's deposition, defendant filed a third-party action against Universal Terminal and Stevedoring, Inc. [Universal] for indemnity, alleging that Universal breached its implied warranty to perform its services in a workmanlike manner. Similarly, defendant filed a third-party action against Long Island College Hospital, alleging that said hospital breached its contract with defendant to provide adequate medical treatment to plaintiff. Before the Court are the motions of defendant and third-party defendant, Long Island College Hospital, to transfer this action to the United States District Court for the Eastern District of New York.

■■ A motion to transfer to another venue may be granted where such transfer would serve the convenience of parties and witnesses and the interest of justice. 28 U.S.C. § 1404. The moving party carries the burden of making "... a clear-cut showing that when all the interests are considered, trial would more conveniently proceed and the interest of justice would be better served in the other district." Davis v. Keystone Shipping Co., (E.D.Pa. 1972); Peyser v. General Motors Corp., 158 F.Supp. 526, 529 (S.D.N.Y.1958). A plaintiff's choice of forum is entitled to great weight and the moving party must satisfy a heavy burden of showing a strong balance of inconvenience. Fitzgerald v. Central Gulf Steamship Corp., 292 F.Supp. 847, 848, 849 (E.D.Pa.1968); Clendenin v. United Fruit Co., 214 F.Supp. 137, 139 (E.D. Pa.1963). However, the weight accorded to plaintiff's choice of forum is decreased where none of the operative facts of the action occurred in the forum selected by the plaintiff. Fitzgerald v. Central Gulf Steamship Corp., *supra*, 292 F.Supp. at 849; Davis v. Keystone Shipping Co., *supra*; Koeneke v. Greyhound Lines, Inc., 289 F.Supp. 487, 490 (W.D.Okl.1968). In the .instant case, none of the operative facts of the action occurred in the Eastern District of Pennsylvania.

■■ Plaintiff is a resident of Baltimore, Maryland and has not sought treatment for his injuries in this Dis-

trict. Defendant is a New York corporation with its principal place of business in New York. Moreover, third-party defendants are New York corporations operating solely within that state. The accident occurred while the vessel was in navigable waters in the Port of Brooklyn and the medical treatment was rendered by third-party defendant hospital in New York and by the United States Public Health Service Hospital in Maryland. Of the list of thirteen witnesses to the accident and to the events occurring prior and subsequent thereto submitted by defendant, none of the witnesses reside in this District. Moreover, all of the medical witnesses relating to plaintiff's claim of inadequate medical treatment reside in New York and all records relating to the medical treatment rendered plaintiff are likewise located in New York. Plaintiff's only contact with this forum is that his counsel maintains his office in Philadelphia. It is well settled, however, that convenience of counsel is entitled to little consideration in deciding a motion to transfer pursuant to Section 1404(a). Weinberger v. Retail Credit Co., 345 F.Supp. 165, (E.D.Pa.1972); Bird v. Central Railroad Co. of New Jersey, (E.D.Pa. 1971); Materials Technology, Inc. v. Circuit Foil Corp., 49 F.R.D. 79 (E.D.Pa. 1970); Roller Bearing Co. of America v. Bearing, Inc., 260 F.Supp. 639 (E.D.Pa. 1966). Even assuming convenience of counsel were a valid consideration, the firm of plaintiff's counsel maintains a New York office, rendering any inconvenience suffered de minimus. Thus, since none of the operative facts occurred in this District, we conclude that the convenience of the parties and witnesses and the interest of justice mandate that the defendant's motion to transfer this action to the Eastern District of New York be granted.

Plaintiff has, however, asserted several arguments which merit discussion. First, plaintiff argues that the motion to transfer should be denied because defendant and third-party defendant have been dilatory in filing these motions in

that two years have transpired since this action was initiated. Much of this delay, however, was occasioned by plaintiff. Approximately one month after the institution of this action, defendant served a notice to depose plaintiff. Because plaintiff's counsel could not ascertain the whereabouts of his client, the deposition was postponed for approximately sixteen months and even then required the necessity of a motion to produce the plaintiff for deposition. The deposition of the plaintiff provided defendant with a basis to file his third-party actions. Following our decision on the motion to dismiss filed by third-party defendant hospital, the motions to transfer were filed. Thus, the party chiefly responsible for the delay evident in this case has been the plaintiff, and he can not now be heard to complain of such delay.

Secondly, in connection with his "choice of forum" argument, plaintiff asserts that the mere fact he resides without the District should not be considered as a factor militating toward transfer, because a plaintiff is entitled to inconvenience himself in choosing his forum. Clendenin v. United Fruit Co., *supra*. In so doing, plaintiff has inconvenienced not only defendants, but also third-party defendants, thus possibly interfering with medical care at the hospital should this be called for trial. The consideration of convenience of the parties must be balanced between the parties. If this case were to be tried in Philadelphia, the inconvenience inflicted upon defendants would be significant while the inconvenience inflicted upon plaintiff would be slight. If, on the other hand, this case were to be tried in New York, defendant's inconvenience would be negligible, while plaintiff's inconvenience would remain slight. Thus, in balancing the factor of convenience to the parties, it is manifest that this action must be transferred.

Finally, plaintiff argues that it is unprecedented that a third-party defendant, who was not sued initially by

plaintiff and is not necessary to a just determination of plaintiff's claim, may move to transfer the entire case. The hospital was joined as a third-party defendant because of plaintiff's claim of inadequate medical treatment. Thus, it is clear that the hospital was not joined as an "appendage" to the case merely for the purpose of transfer. We find no "complicity" between defendant and third-party defendant to have this action transferred, as plaintiff suggests, and were we to find such complicity our result might be different. Defendant has, however, filed an independent motion to transfer and it is on the basis of that motion that we have made our decision. Since plaintiff seeks recovery for inadequate medical care, the convenience of the medical witnesses constitutes a valid factor to be considered in making the determination to transfer. We intimate no view on the question whether a third-party defendant may move to transfer an entire action. Accordingly, defendants' motion to transfer will be granted.