Steven G. BIGGERS

v.

BORDEN, INC.

v.

MARINE BUILDERS, INC. and Activation, Inc. and James Ferguson.

Civ. A. No. 77–2959.

United States District Court,
E. D. Pennsylvania.

July 12, 1979.

Adler, Barish, Daniels, Levin & Creskoff, Philadelphia, Pa., for plaintiff.

John Mattioni, Philadelphia, Pa., for defendant.

Rawle & Henderson, Philadelphia, Pa., for third-party defendant.

POLLAK, District Judge.

Third party defendant Marine Builders, Inc., has moved to dismiss the third party

complaint against it filed by defendant Borden, Inc., on the ground that this court lacks personal jurisdiction over it. Borden opposes the motion. But in the alternative—against the possibility that this Court should conclude that it has no jurisdiction over Marine Builders—Borden has moved to transfer the case to the United States District Court for the District of New Jersey, where, Borden believes, it can obtain personal jurisdiction over Marine Builders. Plaintiff Steven Biggers opposes the motion to transfer: he sees New Jersey as no more convenient a forum for litigation of his claim against Borden, and he contends that his choice of forum ought to be respected.

For the reasons set forth below, the motion to transfer the case to New Jersey will be granted.

## I.

Biggers, a resident of New Jersey, alleges that he was injured while working on the high seas on a ship owned by Borden, a New Jersey corporation doing business in Pennsylvania. The complaint was brought under the Jones Act, 46 U.S.C. § 688. Borden impleaded Marine Builders, manufacturer of the vessel, alleging that the accident was caused by a defect which constituted a breach of Marine Builders' warranty.

The affidavits before the court show that Marine Builders is an Alabama corporation which has never applied for or received a license to do business in Pennsylvania. It has never sold vessels to persons or firms based in Pennsylvania, nor has it sent direct mail solicitations to Commonwealth residents. It employs no agents in Pennsylvania, holds no property, and maintains no bank accounts here. It maintains no office or telephone number in Pennsylvania. It has entered into no contracts for the purchase or sale of merchandise in Pennsylvania in the past five years, nor has it shipped goods here on consignment during that period.

The contract for the construction of the vessel involved in this case was negotiated by agents for Borden and Marine Builders at meetings in New Jersey, Virginia, and Alabama. The contract recited that Borden did business out of Old Orchard, Maine; that Marine Builders was based in Mobile, Alabama; that the vessel was to be built and delivered to Borden at Marine Builders' Mobile shipyards; and that Cape May, New Jersey, would be the vessel's home port. Plaintiff's complaint alleges that the vessel was sailing out of Cape May at the time of the accident.

Marine Builders regularly advertised in two trade journals of national circulation, *Fishing Gazette* and *The Fish Boat.* (For purposes of these motions, it is assumed that Pennsylvania is one of the states in which these journals are in fact distributed).

The modes of establishing federal jurisdiction over a person or entity "not an inhabitant of or found within" the forum state are set forth in Rule 4(e) of the Federal Rules of Civil Procedure which provides in relevant part that "[w]henever a statute or rule of court of the state in which the district court is held provides . . . for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state . . . service may . . . be made under the circumstances and in the manner prescribed in the statute or rule." Pennsylvania's long-arm jurisdiction statute, 42 Pa.C.S.A. § 8309 (Supp.1978), allows its courts to take jurisdiction over all foreign corporations which can be reached compatibly with the due process clause.

In a triad of major decisions a generation ago—*International Shoe v. Washington,* 326 U.S. 310, 55 S.Ct. 154, 90 L.Ed. 95 (1945); *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); and *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)— the Supreme Court examined the due process norms of judicial jurisdiction over nonresidents. The substance of the Court's holdings was that fundamental fairness requires a demonstration of certain significant connections—"minimal contacts" but

not trivial ones—between the non-resident and the forum state.

In *Scheidt v. Young,* 389 F.2d 58 (3d Cir. 1968), the Court of Appeals for this Circuit had occasion to consider the application of these holdings in a context comparable with that presented by the procedural facts of the case at bar. In *Scheidt,* plaintiff was a New Jersey resident who was injured at a Pennsylvania hotel operated by defendants. Defendants' only contacts with New Jersey were that they had advertised the hotel in a New York newspaper with a large New Jersey readership, and that defendants' agents had gone to New Jersey to negotiate with plaintiff about her claim. The Court of Appeals held that "Defendants' advertisement in an out-of-state newspaper circulated in New Jersey, plaintiffs' telephone conversation with them at the Pennsylvania number listed in the advertisements, defendants' receipt of a deposit sent from New Jersey and the visits to New Jersey by representatives of defendants regarding the accident are peripheral occurrences and do not constitute 'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus involving the benefits and protections of its laws.'" 389 F.2d at 60. The Court of Appeals, therefore, concluded that the District Court for the District of New Jersey was without jurisdiction.

The case for asserting jurisdiction is weaker here than in *Scheidt.* On this record, Marine Builders had no significant contact with Pennsylvania. It may be that some Pennsylvanians read Marine Builders' advertisements in *Fishing Gazette* and *The Fish Boat.* But the facts of record provide no basis for an inference (1) that anyone connected with Borden acted upon, or even read, any of these advertisements in Pennsylvania in a setting in some way relevant to this litigation;[1] or (2) that Marine Builders placed its advertising in these (non-Pennsylvania) magazines "for the obvious purpose of obtaining Pennsylvania customers . . ." and creating a steady stream of commerce between Marine Builders and Pennsylvania residents.[2]

■ Borden also argues that an indemnity clause in the contract for construction of the vessel constitutes a waiver of objection to personal jurisdiction by Marine Builders:

9. *Indemnification.* BUILDER agrees to be responsible for and to indemnify, defend and save harmless OWNER from and against:

(c) Any loss, damage, claim, action or liability on account of any injury to or death of any person, or loss of or damage to property, including property of OWNER, and including tools and equipment rented, owned or used by BUILDER, arising out of, resulting from, or in any manner connected with BUILDER's work, or the work of BUILDER's Subcontractor, whether or not such injury, death, or damage is due, in whole or in part, directly or indirectly, to any negligence, whether classified as active, passive or otherwise, of BUILDER, its employees or agents.

Arguably, this clause will give Borden a right of indemnification against Marine Builders if plaintiff's claim proves meritorious. The clause neither states nor suggests, however, that Marine Builders waives its right to have adjudication relating to the effect of the clause, or to the underlying facts which give rise to invocation of the clause, conducted only in a forum in which service of process against Marine Builders can be achieved in conformity with the Constitution.

II.

Although this court has no *in personam* jurisdiction over Marine Builders, Borden asserts that such jurisdiction can be obtained in the United States District Court for the District of New Jersey, and that this entire case ought to be transferred to that District under 28 U.S.C. § 1404, which authorizes the transfer of a case "for the convenience of parties and witnesses, in the

1. Cf. *Hart v. McCullom,* 249 Pa.Super. 267, 376 A.2d 644 (1977).

2. *Garfield v. Homowack Lodge, Inc.,* 249 Pa.Super. 392, 378 A.2d 351, 355 (1977).

interest of justice . . . to any other district or division where it might have been brought."

It appears that this suit might have been brought in New Jersey had Biggers, a resident thereof, chosen to do so. Jurisdiction and venue over Borden could have been had in New Jersey because Borden is a New Jersey corporation. See 28 U.S.C. § 1391.

Transfer of this action to New Jersey will be convenient for Borden, the defendant, because it appears that Borden will be able to implead Marine Builders in New Jersey. It appears from the current record that Marine Builders and Borden negotiated the contract for the vessel on which plaintiff was injured at several meetings, some of which were held in New Jersey, and that Marine Builders knew that the vessel would have its home port in Cape May. Borden further alleges that Marine Builders initiated the transaction which led to the construction of the vessel by sending a representative to one of Borden's offices in New Jersey and that Marine Builders has built at least three other vessels for "New Jersey interests." If all of these statements are true,[3] then it would appear likely that Marine Builders has sufficient minimal contacts with New Jersey such that exercise of jurisdiction over it by courts in that state would be fundamentally fair. And it appears that New Jersey courts, like those of Pennsylvania, exercise a long-arm jurisdiction measured by the due process clause. *Hoagland v. Springer*, 39 N.J. 32, 186 A.2d 679 (1962), aff'd for reasons in opinion of court below, 75 N.J.Super. 560, 183 A.2d 678 (1962).

Ability to implead a third party defendant in the proposed transferee forum is an important consideration favoring transfer of an action. *Allied Petro-Products, Inc. v. Maryland Casualty Co.*, 201 F.Supp. 694 (E.D.Pa.1961). But where there are important countervailing considerations of convenience to the plaintiff, it may be appropriate for plaintiff's choice of forum to control. See *Popkin v. Eastern Air Lines, Inc.*, 253 F.Supp. 244 (E.D.Pa. 1966). Here, plaintiff, in opposing the motion to transfer, has shown no such countervailing considerations. Plaintiff is not a resident of Pennsylvania, none of the operative facts surrounding the controversy took place in Pennsylvania, and there is nothing in the record indicating that Pennsylvania is a more convenient forum for any witnesses; so it does not appear that plaintiff has an important, legally cognizable stake in his choice of the Pennsylvania federal court as the forum for this action. See *Mitchell v. Farrell Lines, Inc.*, 350 F.Supp. 1325 (E.D. Pa.1972) (Troutman, J.).

Given that New Jersey seems to be a convenient and proper forum—and that Pennsylvania is not—for all the interested actors in this controversy, and given the lack of compelling countervailing reasons for retaining this case in this court, it follows that this case should be transferred to the United States District Court for the District of New Jersey.

### III.

There are two discovery motions currently outstanding in this case, both of which involve the interests of Marine Builders. Because this court does not have jurisdiction over Marine Builders, and because the judge to whom this case is transferred ought to have the freedom to manage this case as he or she sees fit, these motions, documents numbered 70 and 82 in the court file, will be dismissed without prejudice.

---

**3.** This discussion is not meant to foreclose any objections to jurisdiction which Marine Builders may wish to raise in the New Jersey federal court.