Herbert EDWARDS

v.

TEXACO, INC.

Civ. A. No. 86–5240.

United States District Court, E.D. Pennsylvania.

Aug. 22, 1988.

As Amended Sept. 7, 1988.

Simon W. Tache, Philadelphia, Pa., for plaintiff.

T.J. Mahoney, Scott E. Snedden, Krusen Evans and Byrne, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Defendant has moved for transfer of this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). Plaintiff's claim is for damages for an injury he allegedly sustained while employed as a seaman by the defendant on a ship. He brings this action pursuant to the Jones Act, 46 U.S.C. App. § 688. In an Order entered on April 10, 1987, I directed both parties to file evidentiary submissions relevant to the propriety of transfer.[1] Defendant has filed an affidavit and exhibits in support of its motion, and plaintiff a responsive submission.[2]

The governing statute provides, in relevant part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). *See also American Medicorp, Inc. v. Humana, Inc.,* 445 F.Supp. 573, 582–83 (E.D.Pa.1977).

This case meets the threshold requirement of § 1404(a), that the action might have been brought in the proposed district for transfer. Neither party questions that the Central District of California court could properly entertain this action. The subject matter jurisdiction for this action is based on a federal question, the Jones Act. Personal jurisdiction over the defendant

---

1. This matter was suspended from June 4, 1987 to June 3, 1988 during the pendency of defendant's bankruptcy proceedings.

2. Plaintiff's objection to the affidavit of defendant's counsel, Timothy J. Mahoney, on the basis of *Federal Rule of Civil Procedure 26(g) is* unfounded. Plaintiff confuses the role of an attorney in certifying discovery and responsive pleadings with the separate role that an attorney might have in some cases as a sworn affiant. Mr. Mahoney is apparently authorized to make the affidavit on defendant's behalf, and swears to his knowledge of the facts set forth in it.

seems assured, given Texaco's extensive business activity in California and the fact that the ship, upon which plaintiff alleges his injury occurred, was at the time of the alleged injury being moored in Estero Bay, California, in the jurisdiction of the Central District.[3] Mahoney Affidavit ¶¶ 1, 2 & 8 (April 13, 1987); Defendant's Motion to Transfer at 3.

Application of the remaining statutory criteria of § 1404(a) is based on an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964). In evaluating the convenience of the parties in this action, I look first at the parties' locations. Both parties have strong contacts with the Central District of California. Several documents, including plaintiff's report of the alleged injury, his 1983 and 1984 tax returns, and his 1985 wage statement, indicate that plaintiff was a resident of Long Beach for several years up to and including the date of the alleged injury. Defendant's Exhibits A–D. Long Beach is in the jurisdiction of the Central District of California. Defendant's affidavit of April 1987 states, in the present tense, that plaintiff "resides" in Long Beach. Mahoney Affidavit ¶ 3 (April 13, 1987). Plaintiff has denied that he resides in Long Beach, Plaintiff's Answer to Motion to Transfer ¶ 1 (Nov. 21, 1986), but claims no other residence.

Defendant Texaco, a New York corporation, admits to doing business in Pennsylvania sufficient to support the jurisdiction of this court. However, Pennsylvania apparently has no relation to this action other than being a state in which defendant corporation conducted business at all times relevant to this case. Complaint ¶ 2; Answer at 1. The defendant also claims and documents business activity in California that it acknowledges is sufficient to provide sufficient contacts in the proposed district. *See supra* n. 3. This business in California, unlike that of Pennsylvania, re-

lates directly to the incident giving rise to this action.

Plaintiff's alleged injury occurred on board the vessel "Texaco Minnesota" when it was docking at Estero Bay, in the Central District of California. Defendant's Exhibit A (Edward's Report of Personal Injury). The home port of the "Texaco Minnesota" is Long Beach, California, also in the Central District. Mahoney Affidavit ¶¶ 1, 8 (April 13, 1987). Plaintiff does not deny these statements. To the contrary, he avers that he was employed on the "Texaco Minnesota" at all times material to the Complaint. Complaint ¶ 6.

Given the location of the vessel, it is not surprising that the Central District of California appears to be a convenient location for the witnesses in this case. It appears that the probable witnesses reside in, or are at least conveniently available in, the proposed district of transfer. Both potential eyewitnesses to the accident, Dan Dubois and George McAnern, live in the Central District of California. Mahoney Affidavit ¶ 5 (April 13, 1987). To be sure, plaintiff, in his responsive filing, questions whether Mr. Dubois lives in California and asserts that Mr. McAnern will travel to any location to testify for plaintiff, but he provides no evidence in support of either point. Plaintiff's Responsive Submission at 2.

Plaintiff also asserts that "it would be unnecessary for the captain or any other officer … to be called to testify," Plaintiff's Responsive Submission at 3, but he offers no factual support for this assertion. Defendant, on the other hand, contends that Captain Cargakis and Mooring Master Keller may be necessary witnesses on the issue of negligence. Mahoney Affidavit ¶ 6 (April 13, 1987). Given the nature of plaintiff's claims, Complaint ¶ 9, defendant's contention seems entirely reasonable. Both Captain Cargakis and Master Keller live in California. *Id.;* Defendant's Exhibit A. Defendant also identifies two other potential witnesses who reside in New Hampshire and New Jersey, but indicates that

---

**3.** The defendant has stated that it is subject to service of process in the United States District Court for the Central District of California, and that that court has jurisdiction over it. Defend-

ant's Motion to Transfer at 3. Of course, this memorandum is not intended to foreclose any jurisdictional challenge by either party in the Central District of California.

their assignments on the "Texaco Minnesota" make California, at least in comparison to Pennsylvania, al least as convenient a location for discovery or use of their testimony. Defendant's Affidavit ¶ 7 (April 13, 1987).

Finally, it is likely that the medical personnel who treated the plaintiff after the alleged injury will be witnesses. Plaintiff went to the Anderson Medical Group, Inc. in San Pedro, in the Central District of California, for treatment after the incident. Defendant's Exhibits E, F. Dr. Stephen Taus, the doctor who cared for the plaintiff and who issued a diagnosis and prognosis of plaintiff's condition, maintains offices in San Pedro. Defendant's Exhibit G. Again, plaintiff does not deny this evidence or claim or prove that he received any care outside of the Central District of California.

Plaintiff provides no evidence of any other residences or circumstances of these or other witnesses to suggest that Pennsylvania is a more convenient location than California. A motion for transfer need not establish that any witnesses are unwilling to testify or that compulsory process would be necessary to obtain testimony in order for the court to find one proposed location more convenient than another. In this case, the record shows that access to most witnesses would be significantly enhanced, and access to no witness would be impeded, by the proposed transfer.

In addition to the witnesses, most, if not all proof relevant to this case—such as the "Texaco Minnesota" herself—is located in California, and none in Pennsylvania. Plaintiff does imply that, if the case is transferred, defendant will "be in a better position to access sources of proof, to obtain photographs of the location aboard the vessel at which plaintiff was injured." Plaintiff's Responsive Submission at 2. This statement raises an implicit charge of unfairness. However, I fail to see how—and plaintiff fails to assist me with reasoning or evidence—moving this action to California would alter either party's ability to inspect the Long Beach-based vessel. In sum, plaintiff has provided no evidence, despite this court's explicit request for relevant information, that transfer of this action would not be more convenient and just to the parties, witnesses, and courts.

Despite the overwhelming evidence that the United States District Court for the Central District of California is better suited than this court to hear this action, it is important to consider the plaintiff's choice of forum before granting a transfer motion by a defendant. As the plaintiff points out, citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), the plaintiff's choice of forum should rarely be disturbed. Although *Gulf Oil* dealt with dismissal of an action under forum non conveniens doctrine, rather than transfer between federal district courts under § 1404(a), I agree that a presumption for the plaintiff's choice operates in this case as well. However, plaintiff fails to support this presumption against the defendant's evidence favoring transfer.

Plaintiff's case fails to overcome this evidence in two ways. First, "[t]he plaintiff's choice of forum is entitled to less weight than is ordinarily the case, where none of the operative facts have occurred in the forum district." *Kogok v. Fields*, 448 F.Supp. 197, 201 (E.D.Pa.1978) (citation omitted). As previously noted, the plaintiff has never connected Pennsylvania to his claim. The accident occurred on board a ship docking at its home port in the Central District of California.

Second, plaintiff does not allege, much less support, any personal or judicial interest that supports maintaining the action in this court. At the most, plaintiff obliquely states:

> [T]here are also other legitimate reasons for which the Plaintiff *may* choose a particular forum, namely; jury verdicts in this forum *may* commensurate [sic] with the damages sustained; the Plaintiff *may* prefer judges of this Court given the ease and speed with which cases are disposed; *or* the Plaintiff *may* prefer representation by a particular attorney.

Plaintiff's Responsive Statement at 3 (citing Bickel, "Maritime Personal Injury ...," *Trial*, 14–16 (1984)) (emphasis added). This

citation of a list of possible factors fails to make any claim on behalf of the plaintiff himself. Plaintiff never makes an actual claim anywhere in the record, and fails to provide any concrete reasoning or evidence that these or other factors justify refusing transfer.[4]

What evidence there is on the record in this case overwhelmingly indicates that the United States District Court for the Central District of California, and not this court for the Eastern District of Pennsylvania, is the proper location for this action. A similar evidentiary imbalance compelled the same result in this court in *Biggers v. Borden, Inc.*, 475 F.Supp. 333, 337 (E.D.Pa.1979), also a suit under the Jones Act:

> [P]laintiff, in opposing the motion to transfer, has shown no ... countervailing considerations. Plaintiff is not a resident of Pennsylvania, none of the operative facts surrounding the controversy took place in Pennsylvania, and there is nothing in the record indicating that Pennsylvania is a more convenient forum for any witnesses; so it does not appear that plaintiff has an important, legally cognizable stake in his choice of the Pennsylvania federal court as the forum for this action. *See Mitchell v. Farrell Lines, Inc.*, 350 F.Supp. 1325 (E.D.Pa. 1972).

One reason for transfer in *Biggers* was preservation of jurisdiction over a third party; defendant Texaco in the present case has claimed more general reasons for transfer under § 1404(a). This is sufficient, given the utter lack of any compelling counter reasons to retain the action in this court. The proposed transferee district is substantially more convenient for the parties and the witnesses; transfer is in the interest of justice. An appropriate order accompanies this memorandum.

### ORDER

For the reasons stated in the accompanying memorandum, it hereby ORDERED

and DIRECTED that defendant's motion to transfer this action to the United States District Court for the Central District of California is GRANTED.

---

**4.** The most generous interpretation of the record supports, at most, the claim of plaintiff's preferred counsel, since on its face, the record does show that plaintiff's counsel is located in Pennsylvania. While attorney preference is a factor in forum choice, as a "single factor" it cannot artificially create a situs for litigation if other factors favoring transfer far outweigh it. *Inductotherm Corp. v. Pillar Corp.*, 417 F.Supp. 991, 995 (E.D.Pa.1976).