**RALPH WILLIAMS, INC., et al.,
Plaintiffs,**

v.

**CHRYSLER CORPORATION et al.,
Defendants.**

**Civ. A. No. 70-931.**

United States District Court,
E. D. Pennsylvania.

May 26, 1971.

---

David Berger, Herbert B. Newberg, H. Laddie Montague, Jr., Howard L. Schambelan, Philadelphia, Pa., and Harold Brown, Boston, Mass., for plaintiffs.

Robert S. Ryan, Philadelphia, Pa., for Chrysler Corporation, Chrysler Motors Corporation, Chrysler Leasing Corporation and Chrysler Realty Corporation.

Oliver C. Biddle, Philadelphia, Pa., for Chrysler Financial Corporation and Chrysler Credit Corporation; Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., of counsel.

## MEMORANDUM OPINION AND ORDER

JOSEPH S. LORD, III, District Judge.

This suit purports to be a class action alleging violations by defendants of the antitrust laws. Defendants have moved for transfer under 28 U.S.C. § 1404(a). The individual plaintiff, Ralph Williams, resides in Beverly Hills, California. The corporate plaintiffs are:

Ralph Williams, Inc.
Encino, California

Ralph's Chrysler-Plymouth d/b/a/
Ron's Chrysler Plymouth
Downey, California

Ralph Williams Northwest Chrysler-Plymouth, Inc.
Seattle, Washington

Ralph Williams Bayshore Chrysler-Plymouth, Inc.
Millbrae, California

Ralph Williams Gulfgate Chrysler-Plymouth, Inc.
Houston, Texas

The defendants are six Chrysler corporations headquartered in and about Detroit, Michigan. All are subject to suit in Texas or California.

It would serve no purpose, we think, to narrate in detail the complex background of this litigation. It is enough to say that all of the operative facts occurred in places remote from Philadelphia. This is immediately apparent from an examination of plaintiff Williams' own affidavit. Thus, paragraph 13 alleges a "practice in the western and midwestern states" and paragraph 17 refers to a custom, "particularly in the West." Paragraphs 30 through 44 refer to events occurring in San Francisco. Paragraphs 45 through 74 relate to certain happenings in Houston,—events which obviously will require the testimony of witnesses from that area. Paragraphs 75 through 82 are concerned with a dealership located just outside of Los Angeles. Finally, paragraphs 83 through 88 set forth the gist of three lawsuits by Chrysler Credit Corporation against Williams, et al.,—one in Texas and two in California. We are asked, *inter alia,* to enjoin the continued prosecution of these suits, although in the Orange County, California, litigation, plaintiffs here have moved to dissolve the writs of attachment and have asked for a continuance of their motion. There is also pending litigation in Seattle.

It is apparent that great masses of documentary evidence, physically present in those locations, will be necessary both for the conduct of those suits and of this litigation here. For example, the affidavit of J. David Owens, Assistant Counsel of Chrysler Financial Corpora-

tion, states that the Houston litigation alone involves in excess of 100 file drawers of documents. We realize, of course, that the Houston, California and Seattle litigation is separate from this lawsuit. However, one cannot read the affidavits without becoming convinced that they are all inextricably intertwined. Again, a reading of the affidavits has convinced us that it is inescapable that a number of witnesses would be compelled to come to Philadelphia from Texas, California, and the State of Washington.

There is simply no nexus between Philadelphia and this lawsuit, and plaintiffs allege none. They simply point to another suit filed here, DiCostanzo, et al. v. Chrysler Corporation, C.A. No. 70-3331 which they say is substantially similar to this one. Plaintiffs argue by analogy to the practice of the Judicial Panel on Multidistrict Litigation, that this action should be retained here so that consolidated discovery might be had. In DiCostanzo, plaintiff and two of the defendants are from Massachusetts and there has been no motion to transfer. Plaintiffs' argument we think overlooks the fact that the pendency of a similar action in this forum is only one factor to be considered. Cressman v. United Air Lines, Inc., 158 F.Supp. 404 (S.D.N.Y., 1958). It also overlooks the fact that § 1404(a) is to be invoked for the convenience of parties and witnesses in the particular lawsuit.

Finally, and perhaps most important, it overlooks the vital distinction between § 1404(a) and § 1407. The former is aimed at trial; the latter at pretrial proceedings only. Consolidation for discovery is one thing, but trial is quite different. Depositions may be taken anywhere, but the convenience of parties demands that trial be held in a convenient forum. Clearly, that forum is not Philadelphia.

In selecting a transferee court, we are aware that there is some doubt as to the suability in Texas of Chrysler Financial Corporation. Thus, the choice seems to lie between California and Washington. As between those two, there is no doubt that California represents more of a center of gravity. The individual plaintiff lives there and three of the plaintiff corporations are located there. Obviously, there will be more documents and witnesses from California than from Washington. Finally, the pending of a civil fraud action against the Seattle plaintiff might well prejudice all plaintiffs if the action were transferred there. For these reasons, this case will be transferred to the Central District of California.