FLORA K. DOUGLASS *v.* THE INDUSTRIAL NATIONAL BANK OF RHODE ISLAND

SUPERIOR COURT  NEW LONDON COUNTY  FILE NO. 041276

Memorandum filed November 15, 1972

*Richard E. Gruskin,* of New London, for the plaintiff.

*Conway, Londregan, Leuba & McNamara,* of New London, specially appeared for the defendant.

BARBER, J. The subject matter of this action is an inter vivos trust naming the defendant, The Industrial National Bank of Rhode Island, as trustee. The defendant has appeared specially and filed a plea in abatement on the ground that it is not located in the county or city of New London, Connecticut, and was not so located at the time of the commencement of the action. The plaintiff's answer to this plea does not controvert this allegation and it must be accepted as a fact. Practice Book § 116.

It is now settled law that suits against a national bank against its will can be brought only in those courts which are designated in 12 U.S.C. § 94.[1] *Mercantile National Bank* v. *Langdeau,* 371 U.S. 555, 10 Am. Jur. 2d, Banks, § 836; see note 10 A.L.R. Fed. 940, 943 § 2.

It is admitted that this court is not within the statutory venue requirement, but the plaintiff claims that the defendant waived its right to challenge venue by doing business within the state of Connecticut. The facts before this court do not, however, resemble the factual situation in which other courts have found waiver. *Buffum* v. *Chase National Bank,* 192 F.2d 58, cert. denied, 342 U.S. 944; note, 1 A.L.R.3d 904; cf. *Lichtenfels* v. *North Carolina National Bank,* 260 N.C. 146.

Judgment may enter for the defendant sustaining the plea in abatement.

---

[1] "VENUE OF SUITS. Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county or municipal court in the county or city in which said association is located having jurisdiction in similar cases."