**Theresa DONNELLY and Frederick Donnelly on behalf of themselves and all others similarly situated**

v.

**KLOSTERS REDERI A/S d/b/a Norwegian Caribbean Lines.**

**Bankruptcy No. 80–4904.**

United States District Court, E. D. Pennsylvania.

May 14, 1981.

---

Arnold Levin, Adler, Barish, Levin & Creskoff, Philadelphia, Pa., for plaintiff.

Edward F. Mannino, Gary R. Leadbetter, Marian B. Buccafurni, Dilworth, Paxson, Kalish & Levy, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Two passengers of the cruise ship S/S Norway bring this class action in admiralty for themselves and other passengers on its maiden voyage to recover the cost of their passage. Presently before the court are defendant's motion to transfer under 28 U.S.C. § 1404(a) and plaintiffs' motion for class certification. For the reasons which follow, we grant defendant's motion to transfer to the Southern District of Florida and because of such transfer decline to decide plaintiffs' motion for class certification.

Plaintiffs, Theresa and Frederick Donnelly, allege that defendant Klosters Rederi A/S d/b/a Norwegian Caribbean Lines ("NCL"), owned the S/S Norway and operated the week-long cruise of which plaintiffs complain, breached its contract of passage and/or tortiously misrepresented the nature and quality of the services, facilities and activities that would be available to passengers on that cruise. (Complaint, ¶ 1).

NCL moves for transfer under 28 U.S.C. § 1404(a) which provides:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

A decision to transfer under § 1404(a) rests within the sound discretion of the transferor district court. *Solomon v. Continental American Life Insurance Co.*, 472 F.2d 1043 (3d Cir. 1973). Among those factors generally to be considered on a motion to transfer are plaintiffs' choice of forum, convenience of the parties, convenience of witnesses, location of documents, ease of access to sources of proof, and the interests of justice. It is clear, however, that "much necessarily must turn on the particular facts of each case and that the trial court must consider all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." 15 Wright & Miller & Cooper, Federal Practice and Procedure, § 3847 at pp. 236–237.

The forum chosen by plaintiff is ordinarily given great weight. But in a suit brought as a class action, other factors take on increased significance and plaintiff's choice of forum is accorded little weight. In the instant case, plaintiffs are residents of this judicial district but many of the class members reside over a large area far removed from the forum plaintiff has chosen. *See, Koster v. Lumbermen's Mutual Casualty Co.*, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed.

1067 (1947); *Blender v. Sibley*, 396 F.Supp. 300, 302, n.3 (E.D.Pa.1975); *Umbriac v. American Snacks, Inc.*, 388 F.Supp. 265 (E.D.Pa.1975); 15 Wright & Miller & Cooper, Federal Practice and Procedure, § 3848 (1976) at p. 241.[1] Thirty-three percent (33%) of the S/S Norway's passengers on the cruise reside in Florida, seventeen percent (17%) reside in that immediate geographical area, and less than five percent (5%) reside within the Eastern District of Pennsylvania.[2] NCL's only office in the United States is in Miami, Florida and all of NCL's land-based employees are employed there.

These factors are relevant and favor transfer to the Southern District of Florida because of the particular facts of this case. The disputed issues will be whether the S/S Norway's facilities lived up to representations in brochures and promotional material provided its passengers, whether certain conditions existed for all or a portion of the cruise, and if so, the effect of them on the passengers. Factual questions such as the sobriety of the crew, the availability of clean rooms, clean decks, clean dishes and utensils, hot water, room service, continental breakfasts, dry cleaning, children's playroom, the condition of the casino, gymnasium, indoor pool, sauna, and whirlpool, luggage problems, the operability of telephones and television sets, and the provision of certain recreational activities, diversions, and tours will require passengers, crew and NCL office employees as fact witnesses. The convenience of the majority of those witnesses likely to be called would be served by transfer as a great percentage of plaintiffs' fellow passengers reside in or around Florida. Many of the Norway personnel and crew also reside in Florida. Miami is also the home port of the cruise ship S/S Norway and its only port of call in the United States;[3] thus a view of the ship could easily be obtained were the action to be tried in Florida. Further, the tickets, brochures, promotional releases, reports, and other work papers pertaining to this inaugural cruise were primarily prepared in Florida.[4]

NCL, a Norwegian corporation with a principal place of business in Oslo, Norway, has also alleged that it maintains no office or physical facilities within the Commonwealth of Pennsylvania.[5] Serious, unresolved questions remain as to whether the Eastern District of Pennsylvania has personal jurisdiction over NCL. Substantial time, money and effort will be required to determine this preliminary jurisdictional issue which are rendered unnecessary if the action is transferred to the Southern District of Florida, which has *in personam* jurisdiction over defendant and is a forum where the action might have been brought. A transfer, obviating a jurisdictional difficulty, has been found to serve the interests of justice within the meaning of that language in § 1404(a). *Terukuni Kaiun Kaisha, Ltd. v. C. R. Rittenberry and Associates, Inc.*, 454 F.Supp. 418 (S.D.N.Y.1978). A federal district court has the power to transfer a case to another district under § 1404(a) even if the court has no personal jurisdiction over the defendant. *United States v. Berkowitz*, 328 F.2d 358 (3d Cir.), *cert. denied*, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Eaton Corp. v. Moss, Adams & Co.*, C.A. No. 80–4503 (E.D.Pa. March 9, 1981).

For the above-stated reasons, we find that under all the circumstances a transfer to the Southern District of Florida is warranted. We do not decide plaintiffs' motion for class certification which should be considered by the court that will try the case. *See, McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3d Cir. 1970). An appropriate Order will be entered.

1. Approximately 1,291 passengers took the cruise on June 1, 1980. *See*, Affidavit of David L. Christopher in support of NCL's motion to transfer, ¶ 4.

2. Christopher Affidavit, ¶ 4.

3. Christopher Affidavit, ¶ 2.

4. *Id.*, ¶ 5.

5. *Id.*, ¶ 2.