Robert J. BOLTON, individually and on behalf of all persons similarly situated

v.

TESORO PETROLEUM CORPORATION
Lazard Freres and Company, Inc.,
et al.

Robert J. BOLTON, on behalf of himself and all other stockholders of Tesoro Petroleum Corporation, Derivatively

v.

Robert V. WEST, Jr., Lazard Freres and Company, Inc., et al.

Civ. A. Nos. 82–4311, 82–4394.

United States District Court,
E.D. Pennsylvania.

Nov. 2, 1982.

Paul Rosen, Jack A. Meyerson, Philadelphia, Pa., for plaintiffs.

Jerome J. Shestack, Michael J. Mangan, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Tesoro, West, Bonner, Stewart, Fullem, Bloyd, Jurren and Smith.

Judah I. Labovitz, Philadelphia, Pa., for Tesoro Petroleum Corp.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Before the Court is a motion by defendant Tesoro Petroleum Corporation ("Tesoro"), under 28 U.S.C. § 1404(a), to transfer these actions to the Western District of Texas. The actions, one derivative and one on behalf of various classes of Tesoro shareholders and traders in Tesoro securities, allege that defendants Tesoro, Lazard Freres and Company ("Lazard"), an investment banking firm, and several officers and directors of Tesoro, engaged in a pattern of misconduct which included or will include manipulation of the price of Tesoro's stock, attempts to sell Tesoro's interest in a subsidiary, Trinidad-Tesoro, repurchase by Tesoro of its own publicly-held securities for the defendants' personal benefit, illegal payments to foreign governments, and dissemination of false and misleading statements to Tesoro shareholders and traders and to governmental agencies investigating Tesoro's affairs, including the Department of Justice and the Securities and Exchange Commission. Claiming violations of federal and state securities laws and the Racketeer Influenced and Corrupt Organizations Act, as well as breaches of fiduciary duty and common law fraud, plaintiffs seek compensatory and punitive damages, preliminary and final injunctive relief, and attorney's fees.

Plaintiffs oppose the transfer motion, and both sides have filed memoranda with supporting affidavits.[1] Having considered these submissions and conferred with the parties, the Court has determined that defendant's motion must be granted and the case transferred to the Western District of Texas.

The governing statute, 28 U.S.C. § 1404(a) provides in pertinent part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Since defendant's principal place of business is in the Western District of Texas and since several of its officers and directors reside there, there is no question that this action "might have been brought" thereunder the broad venue provisions of the Securities and Exchange Act of 1934, 15 U.S.C. § 78aa, *Polin v. Conductron Corporation,* 340 F.Supp. 602, 604 (E.D.Pa.1972), and the parties have not disputed this point.

The Court must therefore, in its discretion, *Solomon v. Continental Life Ins. Co.,* 472 F.2d 1043, 1045–46 (3d Cir.1973), determine if the convenience of the parties and witnesses and the interests of justice require transfer. In most cases, the Court's discretion must be exercised with a recognition that the plaintiff's choice of forum "should not be lightly disturbed," and that the burden is on the party moving for transfer to establish that the balance of convenience of the parties weighs strongly in favor of transfer. *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970). It has been consistently held, however, that the weight accorded to plaintiff's choice of fo-

---

1. The Court has been advised that defendant Lazard does not oppose the transfer motion.

rum is considerably reduced in class and derivative actions, where each of many potential plaintiffs may claim the right to have the action heard in his home forum, and where the nominal plaintiff's role in the litigation is likely to be quite minimal. *Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); *Donnelly v. Klosters Rederi A/S,* 515 F.Supp. 5 (E.D.Pa.1981); *Blender v. Sibley,* 396 F.Supp. 300 (E.D.Pa.1975); *Galfand v. Chestnutt,* 363 F.Supp. 296 (E.D.Pa. 1973); *Polin,* 340 F.Supp, at 606; *McCrystal v. Barnwell County,* 422 F.Supp. 219 (S.D.N.Y.1976). Plaintiff's choice also receives less weight where the operative facts underlying the claim have occurred in another district. *Kogok v. Fields,* 448 F.Supp. 197, 201 (E.D.Pa.1978); *Culbertson v. Ford Motor Co.,* 531 F.Supp. 406, 407 (E.D.Pa.1982).

Though plaintiff Bolton has indicated a desire in this case to be present at the pretrial and trial proceedings, it is unlikely, based on the allegations of the complaint and the affidavits of the parties, that he will offer testimonial or documentary evidence. For this reason, his convenience must give way to that of those witnesses whose evidence will be important in proving or disproving plaintiffs' allegations.

Moreover, while several courts have indicated that the policy of the broad special venue provision for securities actions, which gives plaintiffs a wide choice of fora, deserves consideration, *Wyndham Associates v. Bintliff,* 398 F.2d 614 (2d Cir.1968); *Freiman v. Texas Gulf Sulphur Corp.,* 38 F.R.D. 336 (N.D.Ill.1965), such special venue provisions do not prevent the use of § 1404(a) in appropriate circumstances. *Securities and Exchange Commission v. Savoy Industries,* 587 F.2d 1149 (D.C.Cir.1978).

The factors which a court must take into account in deciding a motion to transfer venue under § 1404(a) have frequently been set out. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Supco v. Triangle Auto Spring Co.,* 538 F.Supp. 1187 (E.D.Pa.1982); *Mutual of Omaha Insurance Co. v. Dolby,* 531 F.Supp. 511 (E.D.Pa.1982). *See Gulf Oil Corp. v.* *Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Those arguably relevant here, in addition to plaintiff's choice of forum, discussed previously, are the relative ease of access to sources of proof, including the location of parties, witnesses and documents, the availability of compulsory process for unwilling witnesses and the cost to obtain the testimony of willing witnesses, and other practical considerations of ease and fairness of the litigation, including the existence of related actions in the transferee district, disruption of the business or affairs of parties or witnesses, and the relative financial abilities of the parties to sustain the costs of litigation. Convenience of counsel is not a factor to be considered. *Solomon v. Continental Life,* 472 F.2d 1043, 1047; *Weinberger v. Retail Credit Co.,* 345 F.Supp. 165, 168 (E.D.Pa.1972). The Court must also take into account factors which affect the public interest, though not necessarily the convenience of the private litigants, such as the relative congestion of court dockets and the interest in having localized controversies settled "at home." *Gulf Oil v. Gilbert,* 330 U.S. at 509, 67 S.Ct. at 843.

Movant Tesoro avers and argues that transfer is desirable in this case because Tesoro is headquartered in the Western District of Texas, where most of its officers, several of its directors, and virtually all of its personnel with decision-making authority reside. These persons will assist in the defense of the actions and be among the most significant witnesses at trial. Tesoro also avers that the issues raised by the litigation touch on much of Tesoro's recent business activity, and that litigation in Philadelphia would place an unnecessary strain on many individual defendants and disrupt the business of Tesoro and others, which disruption would be avoided by proceeding in the Western District of Texas. Further, Tesoro avers that the relevant transactions took place in Texas, that no witnesses or relevant documents are likely to be found in the Eastern District of Pennsylvania, that no defendant resides there, and that this District has no logical nexus with the facts and issues in this litigation. Finally, Tesoro

avers that several securities class and derivative actions commenced against Tesoro several years ago, which are "identical in all material respects" to the present actions, have proceeded in the Western District of Texas, three upon transfer by the Judicial Panel on Multidistrict Litigation.

Plaintiffs' attorneys aver that the great majority of the witnesses necessary to the proof of their claims, including 14 whom they name, are subject to service of compulsory process from the Eastern District of Pennsylvania, but are not to be subpoenaed from the Western District of Texas. Plaintiffs argue the key witnesses to testify on their behalf are thus not Tesoro personnel in Texas, but rather include several Tesoro Board members and officers, including Tesoro's Director of Public Relations, who work or reside in New York City. Plaintiffs' attorneys also list as potential witnesses several officials of the New York Stock Exchange, officers and employees of Lazard and of several of Tesoro's banks, and various officials of the Justice Department and the Securities and Exchange Commission. All of these witnesses, plaintiff avers, are located in New York and Washington, D.C.

Plaintiffs aver that transfer to the Western District of Texas will affirmatively prejudice them as they will be unable to compel the appearance of these crucial witnesses live at trial. Plaintiffs also aver that Tesoro's annual report lists "headquarters" in New York and Washington as well as San Antonio.

Plaintiffs' attorneys aver that many of the documents they will need are in the possession of the Justice Department, the SEC and Lazard, and are more readily accessible from Philadelphia than Texas, and that necessary internal corporate records of Tesoro could be obtained from the corporation's "HQs" in New York and Washington. Plaintiff Bolton and his attorneys also aver and argue that transfer to Texas will greatly increase the financial costs of the action, which plaintiff or the class may ultimately have to bear, and that defendants, major corporations with extensive travel budgets and a fleet of corporate jets are better able to bear the litigation costs. Plaintiffs' attorneys further aver that these actions are the only ones pending involving the claims therein described, and that the previous securities litigation in Texas involving Tesoro is or was unrelated. Finally, plaintiff Bolton avers that he considers his current Philadelphia counsel to be the best qualified to bring this action, and that he brought this action in reliance on the policy expressed in the broad securities venue statutes that securities plaintiffs be allowed to litigate in the district where they deal with defendant corporations, with the expectation that he would not be required to undertake the expense of litigation elsewhere.

In weighing these factors, and in considering the entire record in this case, the Court determines that defendants have carried their burden of showing that the convenience of the parties and witnesses and the interests of justice require transfer to the Western District of Texas.

There is no question that the availability and convenience of witnesses and parties is an important consideration, perhaps the paramount consideration, in determining the desirability or necessity of a transfer. As defendants have averred, and as plaintiffs have not contradicted, no defendants in this case or witnesses relevant to it reside in the Eastern District of Pennsylvania. Neither have any of the relevant transactions, with the possible exception of the receipt of proxy materials by some Tesoro shareholders, occurred in this district. In fact, only one of the three named plaintiffs resides here; the other two reside in Texas.

By contrast, Tesoro's principal place of business is in the Western District of Texas, about half of the individual defendant officers and directors of Tesoro reside in Texas, and much of the corporate activity which plaintiff seeks to expose appears to have taken place there. The Court notes from the submissions and documents filed in this case, for example, that plaintiffs have already filed notices of deposition for defendants West, Schmalz, Bloyd, and Stewart, all of whom, according to affidavits submitted

by the parties, reside in Texas. Similarly, many of the documents concerning the corporate and individual activity which plaintiffs are challenging could be expected to be found in San Antonio. Plaintiffs have already, for example, asked for documents which discuss the value and the proposed sale of Tesoro's Trinidad subsidiary, and the use and disposition of any proceeds to be obtained from the sale. Plaintiffs have also asked for documents furnished in the course of the SEC and grand jury investigations which took place in Washington, D.C. Defendants have stated that all of these documents are located in the corporate headquarters of Tesoro in San Antonio, and that none are in the corporation's offices in New York and the District of Columbia. Further, it is unlikely, given the secrecy of grand jury proceedings and the confidentiality with which agency investigations are conducted, that documents concerning the governmental investigations will be more readily available in Washington, D.C. than from Tesoro's Texas headquarters, where, defendants aver, the originals or copies of most of the documents exist. The documents prepared by Lazard in connection with Tesoro's reacquisition of its securities, and documents relating to travel and entertainment expenses of Tesoro officers and directors in New York, also requested by the plaintiffs, will also be found in Texas, according to the affidavits.

Transfer of the case to the Western District of Texas could minimize the disruption to defendant's business activities which, defendants aver, will result if witnesses and documents involved in its ongoing operations must be produced in a forum far removed from the locus of these activities. Moreover, it is enormously helpful in the litigation of a complex matter to have the trial judge sitting in the district where most of the documents and witnesses are located, so that questions arising during discovery may be promptly decided. *Blender v. Sibley,* 396 F.Supp. at 304. It is for these reasons, among others, that many securities class and derivative actions have been transferred from districts whose only connection with the litigation was the residence of one or several plaintiffs, to the district containing the corporation's home office, where many of the relevant documents, as well as many of the individual defendants and witnesses, are generally found in cases of this type. *Donnelly v. Klosters Rederi A/S,* 515 F.Supp. 5 (E.D.Pa. 1981); *Blender v. Sibley,* 396 F.Supp. 300 (E.D.Pa.1975); *Polin v. Conductron Corporation,* 340 F.Supp. 602 (E.D.Pa.1972); *McCrystal v. Barnwell County,* 422 F.Supp. 219 (S.D.N.Y.1976).

The Court has not been persuaded that plaintiffs will be substantially prejudiced if these actions are transferred. It is true that witnesses found in New York could be subpoenaed from this district, and not from Texas, under Fed.R.Civ.P. 45(e)(1), and that production of live witnesses at trial can be important in a case alleging fraudulent conduct where demeanor evidence is important. *Blender,* 396 F.Supp. at 303; *Saminsky v. Occidental Petroleum Corp.,* 373 F.Supp. 257, 260 (S.D.N.Y.1974). Plaintiffs have not, however, alleged or averred that any of the East Coast witnesses whom they have named and whom they might desire to call at trial are or would be unwilling to testify, requiring the use of subpoenas. One would expect, as defendants have averred, that the named defendants would be present at any trial where their conduct was at issue, and Tesoro has also averred that it will make available the non-party witness under its control whom plaintiffs have named. Further, while plaintiffs have named the witnesses whom they expect will testify as to each general portion of their case, they have not indicated in any way what the testimony of each witness will be, and hence have given no basis upon which the Court could determine the materiality of their testimony or the likelihood that any will be called at trial. *See Reyno v. Piper Aircraft,* 630 F.2d 149, 160–61 (3d Cir.1980), *rev'd on other grounds,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Plaintiffs have thus failed to demonstrate that obtaining the live testimony of these witnesses through subpoena is important or necessary to their case.

The Court takes notice of the fact that the use of discovery techniques such as videotaped depositions can make demeanor evidence available to a jury even when witnesses are not physically present at trial. *See Sugarloaf Associates v. Unity Savings Assn.,* No. 82–0811, slip op. at 6 (E.D.Pa. October 28, 1982). The Court also takes notice of the fact that those officials and witnesses whom the plaintiffs have identified who reside in Washington, D.C. or its environs are not subject to subpoena from this district under Fed.R.Civ.P. 45(e)(1). In addition, the Court has grave doubts whether officials of Trinidad and Tobago could, as plaintiffs aver, be subpoenaed through the country's consulate in New York, since Rule 45(e)(2) and 28 U.S.C. § 1783 which it incorporates authorize service only on nationals and residents of the United States who are in a foreign country. The Rule "has never been read as permitting issuance of a subpoena to an *alien* residing outside the United States." *Federal Trade Commission v. Compagnie de Saint-Gobain-Pont-A-Mousson,* 636 F.2d 1300, 1320–21 n. 116 (D.C.Cir. 1980) (emphasis in original).

The existence of a related action in the transferor or transferee district is a strong factor in a transfer decision where judicial economy can be achieved and duplicative litigation, with possibly inconsistent results, avoided by consolidation of actions, or by coordination of discovery and other pre-trial proceedings. *Austin v. Johns-Manville Corp.,* 524 F.Supp. 1166, 1169 (E.D. Pa.1981); *Blender v. Sibley,* 396 F.Supp. at 304–05, *See Van Dusen v. Barrack,* 376 U.S. 612, 644, 84 S.Ct. 805, 823, 11 L.Ed.2d 945 (1964). Defendants have in this case suggested that we consider the action of the Judicial Panel on Multidistrict Litigation in transferring several similar cases to Texas four years ago. *See In re Commonwealth Oil/Tesoro Securities Litigation,* 458 F.Supp. 225 (J.P.M.L.1978). While we have considered the Judicial Panel's action, we note that defendants have not indicated that those cases are still pending, nor have defendants shown that those cases are closely enough related to the present action that economies could result from transfer-ring this action to Texas. This factor has therefore been given little weight.

Finally, while the Court recognizes that the relative bargaining power and financial positions of the parties can be a significant factor in a transfer decision, *Mutual of Omaha Insurance Co. v. Dolby,* 531 F.Supp. 511 (E.D.Pa.1982); *Aamco Automobile Transmissions, Inc. v. Bosemer,* 374 F.Supp. 754 (E.D.Pa.1974), this factor cannot alone prevent a transfer where the convenience of the parties and witnesses and the interests of justice clearly favor transfer. It should be noted that the named plaintiffs, if successful, should be able to recover fees and costs from any fund created by settlement or judgment in the plaintiffs' favor. *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478, 100 S.Ct. 745, 749, 62 L.Ed.2d 676 (1980). Further, the plaintiff class may also be able to recover these fees and costs from the defendants. 15 U.S.C. § 77k. The Court also notes that, given the presence of two named plaintiffs in Texas, the argument that litigation there will prove more costly to the plaintiffs may reduce finally to the argument that such litigation will be inconvenient to plaintiffs' chosen counsel. While plaintiffs do have the option of choosing an inconvenient forum in order to obtain counsel of their choice, *Austin v. Johns-Manville Corp.,* 524 F.Supp. at 1169, plaintiffs' choice here has been outweighed by the inconvenience demonstrated by defendants. Further, there is no allegation or averment that plaintiffs will be deprived of chosen counsel should this case be transferred.

Finally, with respect to the public interest factors involved in transfer, it should be noted that transfer of this case should allow for the resolution in a local forum of matters which appear to have occurred largely in Texas.

For all of the above reasons, defendant's motion to transfer this case to the Western District of Texas is GRANTED.